## CORA R. EBERHART v. WALTER W. EBERHART.[1]

June 3, 1921.

No. 22,024.

**Divorce — cruel and inhuman treatment — finding supported.**
1. The evidence in this case is sufficient to sustain the court's finding for defendant on the issue of alleged cruel and inhuman treatment.

**Custody of child.**
2. In determining the question of custody of a child, the best interest of the child is the primary consideration. Divided custody is not desirable. A son of the parties, five years old, under the circumstances of this case, should be given into the custody of the plaintiff, his mother, with liberal opportunity to defendant, his father, to visit and associate with him.

**Allowance of fees and suit money.**
3. This court may make an allowance for counsel fees and suit money in connection with an appeal in a divorce case, and, where an application is made during the pendency of the appeal, it may be continued to be determined on decision of the case.

Action in the district court for Blue Earth county for divorce, custody of child and alimony. The case was tried before Comstock, J., who made findings refusing the divorce and granting the custody of the

1Reported in 183 N. W. 140.

child as stated in the first paragraph of the opinion.    Plaintiff's motion for amended findings was granted in part and her motion for a new trial was denied.    From the judgment entered pursuant to the order for judgment, plaintiff appealed.    Modified.

*C. J. Laurisch* and *S. B. Wilson,* for appellant.

*H. L. & J. W. Schmitt & H. W. Volk* and *Moonan & Moonan,* for respondent.

HALLAM, J.

Plaintiff and defendant were married in August, 1915.    A son was born to them in May, 1916.    In September, 1918, plaintiff commenced this action for divorce alleging cruel and inhuman treatment.    The trial court denied plaintiff a divorce, and decreed that, during the continuance of the estrangement, plaintiff should have the custody of the child from November 1 until May 1 following, each year, and that defendant should have his custody from May 1 to November 1.

1.    The testimony was much in conflict.    The testimony on behalf of plaintiff was sufficient to make out a case.    But the essential acts of cruelty were denied by defendant.    The evidence presented a plain issue of fact.    On this evidence the trial court found that there was no proof of bodily harm inflicted or threatened; that the evidence was not sufficiently strong to constitute proof of ill treatment injurious to plaintiff's health, nor such as to constitute cruel and inhuman treatment; and that on the whole record plaintiff has failed to establish, by a fair preponderance of the evidence, the allegations of cruelty alleged in the complaint. No good purpose would be served by rehearsing the conflicting evidence of the parties and their witnesses.    After a very careful review of it, we are of the opinion that there is sufficient evidence to sustain the finding of the court.

Counsel for defendant take exception to a statement in the findings that the evidence is not sufficient to constitute cruel and inhuman treatment "within the meaning and intent of the approved rules of this jurisdiction."    We take this to mean the "jurisdiction" of the state of Minnesota, and not, as counsel understand it, of the judicial district in which the case was tried.

2.    Plaintiff takes exception to the portion of the decision relating to

149 M.—13.

the custody of the child. It was proper for the court to determine the custody of the child during such time as the estrangement between the parties shall continue. In determining this question the best interest of the child is the primary consideration. The matter is one not free from difficulty. As we read the record we are impressed with the belief that both these parties are good parents. The unfortunate difficulty is that they have not found the way of getting along well together. Each would undoubtedly care for the child as well as the peculiar circumstances of the case permit. Neither one can give the child just the home life that he is entitled to enjoy.

We are of the opinion that the interest of the child will not be best served by the divided custody ordered by the trial court and that custody should be awarded to one or the other parent. If he cannot have the daily care and guidance of both father and mother, we are of the opinion that, to a boy five years old, the mother's care is most indispensable. Yet the father should be afforded most liberal opportunity of seeing and visiting his child and of taking him out at all reasonable times. The judgment of the trial court will be modified so as to award the custody of the child to plaintiff, under such regulations for visiting and association on the part of the father, and with such allowance for support, as the trial court may order.

3. Prior to the argument of the case in this court, plaintiff made application for an allowance of counsel fees and suit money in connection with the appeal. The matter was continued to be determined at the time of determination of the appeal. This court has power to make such an allowance. Wagner v. Wagner, 36 Minn. 239, 30 N. W. 766; Spratt v. Spratt, 140 Minn. 510, 166 N. W. 769, 167 N. W. 735. If such an allowance is seasonably applied for during the pendency of the appeal, the application may be continued to be determined on decision of the case. Baier v. Baier, 91 Minn. 165, 97 N. W. 671. We are of the opinion that the appeal was taken in good faith and that an allowance should be made to plaintiff as follows: For suit money, the actual expenditures made, namely, $348.75, and for attorney's fees, the sum of $375, the same to be paid by the defendant, and the defendant is ordered to make payment accordingly.

Judgment modified.