### ETHEL ELIZABETH SPRATT v. CHARLES N. SPRATT.[1]

Nos. 22,518, 22,530, 22,738.

December 9, 1921.

Custody of child—court not bound by agreement of divorced parents.

    A written agreement as to the custody of a child is not binding on the court, when the best interests of the child require a different arrangement. [Reporter.]

March 17, 1922.

Divorce—modification of decree.

    1. The remarriage of a divorced man and an improvement in the health of his former wife are such changes in the circumstances and conditions of the parties as will justify a modification of the provisions

[1] Reported in 185 N. W. 509, 187 N. W. 227.

of a judgment of divorce respecting the care and custody of minor children.

**Right of parents to custody of children equal.**

2. The father and mother are the natural guardians of the minor children, and, if not unsuitable, are equally entitled to their custody.

**Decision of trial court sustained on appeal except when discretion of court is abused.**

3. The disposition of the custody of children, made by a trial court in a divorce case, will not be reversed on appeal, except for an abuse of the broad discretion with which the court is invested.

**Allowance for maintenance of children proper.**

4. An allowance to the plaintiff in such a case to cover the expenses of caring for her children while temporarily residing with her may properly be made.

**Allowance for counsel fees proper.**

5. An allowance to her for counsel fees may be made in proceedings for a modification of the judgment respecting the custody of the children.

**Admission of evidence not governed by technical rules.**

6. Rulings on the admission of evidence in such proceedings are not subject to the tests applied in reviewing a trial of an ordinary action.

**Allowance for counsel fees should be moderate.**

7. The amount of an allowance to a wife for counsel fees in a divorce action is largely discretionary with the trial court. It is the established policy of this court to be conservative in the matter of such allowances.

Action in the district court for Hennepin county for separation from bed and board, for alimony and for custody of the five children. The decree gave defendant an absolute divorce and the custody of four of the minor children, while the custody of Louis Gordon was awarded to plaintiff on condition, and both parents were granted the right to visit their children. Three years later plaintiff's motion for an amendment to the decree, so as to give her the permanent custody of the four minor children awarded to defendant, and direct

him to pay her a suitable sum each month for the support of the children and a suitable sum for attorneys' fees and expenses in prosecuting the action and the motion, was heard by Dickinson, J., who so far granted the motion as to give plaintiff for the school vacations three of the children put in the care of defendant, and to give defendant for the same time the custody of Louis Gordon, and to provide that the children should spend their Saturdays, Sundays and holidays equally between the parents, and granted an allowance of $900 per annum for the vacation expenses of the children, or so much as should be actually necessary, and an allowance of $500 attorneys' fees. From portions of the order granting the motion in part, defendant appealed. Plaintiff having caused judgment to be entered on June 21, 1921, on the order for judgment, defendant appealed from certain portions of the judgment. Thereafter plaintiff appealed from the entire judgment entered on June 22, 1921. Defendant's motion to dismiss plaintiff's appeal was denied in the opinion filed December 9, 1921. In the opinion filed March 17, 1922, the appeals of both parties were denied.

*George T. Simpson* and *John F. Dahl*, for plaintiff.

*A. B. Jackson* and *Ray H. Kenyon*, for defendant.

PER CURIAM.

Defendant moves to dismiss plaintiff's appeal, on the ground that she has accepted part of the benefits decreed by the modification of the original judgment, namely, she has had the custody of the children during the summer vacation.

Upon rehearing of the motion to dismiss plaintiff's appeal from the original decree, it was held that because she had accepted certain provisions granted therein she had estopped herself from appealing. Spratt v. Spratt, 140 Minn. 512, 166 N. W. 769, 167 N. W. 735. It will be noted that upon that appeal the questions as to who of the parties was entitled to a divorce, the amount of the permanent alimony, and the custody of the children, were all for determination. As to the two propositions first named, plaintiff was in position to estop herself, but we are agreed that on this appeal, which deals solely with the custody of the children and their support, neither

party should be held to have concluded the court. Even a written agreement with reference to the custody of a child is not binding on the courts, when the best interests of the child are shown to require a disposition contrary to that provided under the agreement. State v. Beardsley, 149 Minn. 435, 183 N. W. 956, and cases therein cited.

The offer of defendant to consent to a reversal of the judgment now appealed from should not be taken seriously, for it is apparent that what plaintiff seeks by the appeal is not a reversal but a modification, so that she will have the care and custody of the children beyond that granted by the modified judgment or decree.

The motion to dismiss the appeal is denied.

On March 17, 1922, the following opinion was filed:

LEES, C.

This is the third appearance of this case. Spratt v. Spratt, 140 Minn. 510, 166 N. W. 769, 167 N. W. 735; State ex rel. Spratt v. Spratt, 150 Minn. 5, 184 N. W. 31. It is now brought here by appeals from a judgment entered June 22, 1921, with which both parties are dissatisfied. The judgment to be reviewed amended one entered December 15, 1917, by which the parties were absolutely divorced and the custody of four of their minor children awarded to the defendant and the custody of one to the plaintiff.

On June 7, 1919, defendant remarried and the four children were thereafter under the joint care and supervision of their father and his second wife. On June 21, 1920, plaintiff procured an order requiring defendant to show cause why the custody of these children should not be awarded to her and a suitable allowance made for their support. The divorce action was tried before Judge Steele of the Hennepin county district court. He died before the application to modify the judgment was heard and it was heard by Judge Dickinson. Numerous affidavits were presented and a large amount of oral testimony introduced. On June 15, 1921, an order was filed, with a memorandum made part of it, directing that the judgment should be amended as follows: All but the eldest of the four children in defendant's custody were given to the plaintiff for three

months in each year during the period of their school vacations. For the remaining nine months, plaintiff was to have them on alternate Saturdays, Sundays and holidays. The custody of the eldest child was left unchanged. It was further provided that the child whose custody had originally been awarded to plaintiff should go to the defendant during the three vacation months. Defendant was required to pay plaintiff $900 to defray the expenses of caring for the three children during the summer months, and she was directed to take them to a suitable camp or watering place. Plaintiff was allowed $500 for attorney's fees in the proceeding. In his memorandum, Judge Dickinson said:

"The paramount issue * * * is the welfare of the children. * * * With this uppermost in mind, I find that the best interests of the three children (naming them) demand that a large share of their actual care and custody should be given to their natural mother * * * without otherwise disturbing the legal guardianship as now fixed by the decree."

1. Section 7123, G. S. 1913, confers power upon the district court to revise and alter its orders concerning the care and custody of minor children whose parents have been divorced and to make such new orders as the circumstances of the parents and the benefit of the children shall require. Referring to the statute, in Arne v. Holland, 85 Minn. 401, 89 N. W. 3, it was said in substance that it contemplated a modification of the order for due cause at any time; that decrees of divorce are entered in pursuance of and are founded upon the statute, which affords a short and speedy remedy; that the ultimate question is, do the child's interests demand a modification of a former order; that the court is not limited to any particular line of inquiry or bound by strict legal rules of evidence, and its orders and directions are not subject to the tests usually applied to the trial of causes, and that the test to determine the validity of the court's order is, was there an abuse of discretion?

It is earnestly contended in defendant's behalf that the court has no power to modify a judgment in a divorce action, unless new circumstances and changed conditions are shown which render a modi-

fication just and equitable, and that plaintiff has failed to make the required showing. Crockett v. Crockett, 132 Iowa, 388, 106 N. W. 944, and Scott v. Scott, 174 Iowa, 740, 156 N. W. 834, support this contention, and so do a multitude of cases cited in Schouler, Mar. & Div. § 1897, and in 19 C. J. 350. With respect to provisions for alimony, this court has ruled that the power to modify the judgment may be exercised only upon clear proof of new facts showing that the changed circumstances of the parties render the proposed modification equitable. Holmes v. Holmes, 90 Minn. 466, 97 N. W. 147; Haskell v. Haskell, 116 Minn. 10, 132 N. W. 1129. Probably the same rule should be applied in passing upon applications for a modification of a provision for the custody of minor children. It is unnecesary to decide and we do not now decide that question.

The conditions are not the same as when the original judgment was entered. Defendant has remarried. By this change in his domestic relations, the supervision of the children has largely fallen to his young wife, 25 years of age at the time of the hearing. It may be true that her supervision is as competent as that of the housekeepers he employed before she took charge of his household and that the change is one for the better. Nevertheless it is but natural that, when his day's work was done, defendant, who is a busy physician, should devote some of his time and attention to his wife to the partial exclusion of the children, who, prior to his remarriage, had his undivided companionship when he was at home. She will expect him to divide his allegiance to his children henceforth, in order that she may enjoy the attentions and companionship due from a husband to his wife. She has her own circle of relatives and friends and her individual interests into which defendant will enter.

Another changed condition mentioned in the memorandum is that plaintiff is in better health and spirits now than when the decree was entered. The record shows that, when the trial of the divorce action ended, Judge Steele suggested that plaintiff go to California to regain her health, taking her youngest child with her, adding that when she returned she might be better able to manage her household affairs than she was at the time of the trial. Apparently the suggestion was not adopted. The trial had been protracted. Plain-

tiff had been on the witness stand for several days. The contest was a bitter one. The details of the married life of the parties had been laid bare. We shall not repeat the sorry tale. Plaintiff was nervous, excitable, broken in health and lacking in judgment and self-control. This was four years ago. She has improved in health and spirits. Presumably she is now better fitted to give her children the care and companionship they should receive from their mother. Moreover, although their welfare is the determinative factor, her rights as their mother should receive some consideration, if such rights can be recognized without endangering the welfare of the children. Under our law the father and mother are the natural guardians of the minor children, and, if not unsuitable, are equally entitled to their custody. Section 7442, G. S. 1913; Jacobs v. Jacobs, 136 Minn. 190, 161 N. W. 525, L. R. A. 1917D, 971. In 1917 the court might have concluded it was inadvisable to give plaintiff the custody of all the children, even for a portion of each year. In 1921 her improved state of mind and body might well lead to a different conclusion. A trial court is always in a much better position than an appellate court to decide upon the custody of children. For this reason, its judgment should not be reversed unless grave errors are discovered, Mylius v. Cargill, 19 N. M. 278, 142 Pac. 918, L. R. A. 1915B, 154, Ann. Cas. 1916B, 941, or, as stated in Arne v. Holland, supra, unless there has been an abuse of discretion. We find nothing in the record to justify either party in asserting that there has been an abuse of discretion. The hearing of the application occupied several days. Both parties were given ample opportunity to present their evidence. Much of it came from witnesses who were subjected to a searching cross-examination. The trial judge saw and questioned the children in his chambers in the presence of counsel. His impressions were derived from first hand knowledge of the facts and the personality of the parties; we obtain ours from the perusal of the bulky records in the divorce action and in this proceeding. We are persuaded that the action of the trial court is justified both by the evidence and by human experience, for it is a truism that young children should have as much of the companionship of their mother as possible, for there is no satisfactory substi-

tute for her care. Plaintiff may not have been a wise mother, but she appears to have a real and deep affection for her children. They are young and ought to have the daily care and companionship of their parents, but, since the family life has been ended, the courts, as best they may, should secure to each child, as far as possible, some part of the society and guidance of each parent. The objection is urged that divided control and custody should be avoided. Eberhart v. Eberhart, 149 Minn. 192, 183 N. W. 140. The children were separated by the original order. More than four years have since elapsed and the objection has much less weight than it would have had if made in the first instance. The division of time, under which plaintiff is to have the three children and defendant the other one during school vacations, seems to us the best that is possible under the circumstances.

The sum and substance of the whole matter is that neither party has ground for serious complaint as to the disposition made of the control and custody of the children, and in this respect the judgment should be sustained.

2. The allowance of $900 to cover the expenses of the children during their temporary residence with plaintiff is justified under section 7123, G. S. 1913, authorizing the revision of the order with respect to the maintenance as well as to the custody of the children. Defendant is a man of large means, well able to give his children the benefits of a summer outing with their mother. She ought not to be required to pay this expense for the privilege of enjoying their companionship.

3. The allowance of counsel fees to plaintiff was within the power of the court. Section 7119, G. S. 1913, was construed in Wagner v. Wagner, 34 Minn. 441, 26 N. W. 450. It was held that the authority of the court to grant such an allowance ended when final judgment was entered dismissing a wife's action for divorce on the merits. The situation here is different. An allowance for counsel fees in the district court and in this court was sanctioned in Roberts v. Roberts, 135 Minn 397, 161 N. W. 148, L. R. A. 1917C, 1140, without discusing the power of the court to make it after the entry of a final judgment. O'Brien v. O'Brien, 19 Neb. 584, 27 N. W. 640;

Chambers v. Chambers, 75 Neb. 850, 106 N. W. 993; Blake v. Blake, 70 Wis. 238, 35 N. W. 551, and Stillman v. Stillman, 99 Ill. 196, 39 Am. Rep. 21, recognize the court's power to make such an allowance. We are aware that there are contrary rulings. Lake v. Lake, 194 N. Y. 179, 87 N. E. 87; Winchester v. Winchester, 138 Md. 95, 113 Atl. 584, 14 A. L. R. 609; Barish v. Barish, 190 Iowa 493, 180 N. W. 724. We think the power exists for reasons suggested in Chambers v. Chambers, supra. An application for the modification of the provisions of the judgment respecting the custody of the children is essentially an incident of or a step in the continuation of the divorce suit. The statute should be construed to authorize the allowance of counsel fees until the subject matter of the suit is finally settled and determined.

4. Thirteen of defendant's assignments of error relate to rulings on the admission of evidence. If any of the rulings were erroneous, it has not been made to appear that prejudice resulted therefrom, and, as already noted, the rule in a proceeding of this nature is not the same as in the trial of ordinary actions. Arne v. Holland, supra.

5. Plaintiff complains that an inadequate allowance for attorney's fees was made in the court below. The amount of such allowances is largely discretionary with the trial court and will not be modified on appeal, unless there appears to have been abuse of discretion. I Dunnell, Minn. Dig. § 2804. It is the established policy of this court to be conservative in the matter of allowances for counsel fees to the wife bringing or defending a divorce action. Blakely v. Blakely, 117 Minn. 482, 136 N. W. 3; Wetter v. Wetter, 145 Minn. 499, 177 N. W. 491; Gilman v. Gilman, 150 Minn. 271, 185 N. W. 649. Plaintiff asked for an allowance of $2,000. The court allowed the modest sum of $500. Thereafter she asked that the amount be increased, but her application was denied by an order made September 2, 1921. In denying it, the statement was made that the amount had been fixed after due deliberation and was intended to cover the case up to the time of the entry of judgment, that the court was without authority to make an allowance for subsequent services of counsel, and it was suggested that the application for such an allowance should be made to this court. Under these circumstances we

do not feel at liberty to increase the amount allowed or to direct that the district court entertain a new application for a further allowance.

6. Plaintiff has applied for an allowance for counsel fees and suit money in this court. By an order entered December 9, 1921, she was allowed $100 for suit money, and the determination of her application for counsel fees was deferred until the appeals were heard on the merits. She asks for $1,579.52 for counsel fees and expenses, based on an itemized statement attached to her application. A portion of the statement is made up of charges in the habeas corpus proceeding referred to in State ex rel. Spratt v. Spratt, 150 Minn. 5, 184 N. W. 31, and for services in the district court. Since December 15, 1917, she has been receiving as alimony $4,700 a year. Presumably she is not wholly destitute of means from which she may pay at least a portion of her attorney's fees, and this is a circumstance to be taken into consideration. Stiehm v. Stiehm, 69 Minn. 461, 72 N. W. 708. We think she is not entitled to the amount for which she has asked. She will be allowed $750 for counsel fees, to be paid by defendant upon the entry of judgment.

This disposes of all the questions requiring discussion, and the result is that the judgment is affirmed on both appeals.