LOUISE LILLIAN HERVEY v. JAMES FREDERICK HERVEY.[1]

April 17, 1930.

No. 27,838.

*Horace W. Roberts,* for appellant.
*S. B. Wilson, Jr.* for respondent.

HILTON, J.

Plaintiff appeals from an order denying her motion for a new trial.

In a divorce action between the plaintiff and defendant, the former on September 22, 1925, secured a divorce by default on the ground of desertion and was awarded the care and custody of their minor child, Frederick, then four years of age, she being found to be a suitable person to have the same. Plaintiff is now 36 years of age and defendant 35; they were married on February 5, 1917, and .

[1]Reported in 230 N. W. 479.

lived together as husband and wife until March 16, 1924. Prior to and after the divorce plaintiff and Frederick (since he was 17 months old) resided in Mankato, Minnesota, in the home of Jay Mickelson and his wife, Florence Mickelson, a sister of plaintiff.

Plaintiff married one Clarence Brown in April, 1928, and moved from the Mickelson home to Chicago. At the time of such removal she arranged with the Mickelsons for Frederick to remain in their custody, care and possession. In July, 1929, she took Frederick from that home to her residence in Chicago, where he has since remained.

While in the Mickelson home Frederick was provided with every comfort and necessity, the home being suitable in every way and the child therein receiving proper religious training and education and everything suitable for a child of his age. He became attached to the Mickelsons and they in turn to him. They treated him as their own child and are ready, willing and financially able to furnish all necessary sustenance and education.

In the original divorce decree it was provided that defendant pay plaintiff $25 per month for the support and maintenance of the child. Defendant in the present proceeding asked for a modification of the original divorce decree so as to give the custody and care of the child to the Mickelsons or in the alternative to himself.

Since Frederick has been in the Brown home in Chicago, Mrs. Mickelson has attempted to visit him and his mother but has met with opposition from Brown, who has shown an unfriendly disposition and attitude not only toward Mrs. Mickelson but also toward defendant and particularly toward the child. The foregoing constitutes in part the findings of the trial court. In addition thereto there is a finding that the Brown home in Chicago is not a suitable and proper home wherein said child should be kept and raised, and that it is for the best interests of the child to be in the custody of the Mickelsons. There is evidence sufficiently supporting these findings.

As conclusions of law the court found that Jay Mickelson and Florence Mickelson, his wife, were suitable persons to have the care

and custody of Frederick and awarded the same to them; that it was for the best interests of the child to live in the Mickelson home; that defendant, while said child was not in the custody of plaintiff, should be released from paying to plaintiff the $25 per month for Frederick; that plaintiff might visit the child at the Mickelson home at reasonable times and that the child might visit plaintiff's home during summer vacations at reasonable times. Judgment was ordered accordingly.

In the absence of unfitness, the rights of a father and mother to the custody of their child are equal. It may be stated as a general proposition that a parent's right to the custody of a child is paramount to the claims of all others, all things being equal. However the main and controlling consideration is the welfare and best interests of the child. Jacobs v. Jacobs, 136 Minn. 190, 161 N. W. 525, L. R. A. 1917D, 971; Spratt v. Spratt, 151 Minn. 458, 185 N. W. 509, 187 N. W. 227; State ex rel. Feeley v. Williams, 176 Minn. 193, 222 N. W. 927; 5 Dunnell, Minn. Dig. (2 ed.) § 7297.

The trial court was in a much better position than are we to decide as to which home would best promote Frederick's welfare. Its conclusions should prevail unless grave errors are discovered or unless there has been an abuse of discretion. We find neither here.

Taking everything into consideration, the age and sex of the child, the conditions found to exist in the Brown home in Chicago, the evidence as to the attitude and conduct of Brown, the suitability of the Mickelson home, we cannot say that the conclusion reached by the trial court was improper or an abuse of discretion.

Since plaintiff is not to have the care and custody of the child and is to be at no expense in connection with it, the court properly vacated the order providing for payment to plaintiff for its support.

Order affirmed.

WILSON, C. J. took no part.