## MABEL RICE v. ALFRED M. RICE.[1]

July 25, 1930.

No. 27,950.

*Moonan & Moonan,* for appellant.
*J. O. Peterson,* for respondent.

HOLT, J.

In January, 1926, a decree was entered granting plaintiff an absolute divorce from defendant on the ground of cruelty. The custody of Thelma, the only child of the parties, then two and a half years old, was denied plaintiff at that time and given to defendant's sister, Mrs. Anderson, until the May term of court of that year, the decree providing "that the custody shall not be changed without giving both parties to this action the right to submit testimony as to the fitness of the parties to have the care and custody of said child as though the care, custody and control of said child had not been in any way determined and as the parties would have had the right to do at the original hearing in said cause." There was a hearing at the May, 1926, term of court, on plaintiff's application for the custody of Thelma, upon which the court, on September 13, 1926, entered an order directing Mrs. Anderson on

[1]Reported in 231 N. W. 795.

November 30, 1926, to surrender the child to the custody of Harry Quickstad and wife, the latter being sister of plaintiff, who were to have such custody until November 30, 1927. On November 21, 1927, and on some date in November in each year thereafter, plaintiff has presented her application, supported by affidavits, for the permanent custody of the child. No further order appears in the record concerning the applications except the last one, from which this appeal is taken; but the testimony indicates that the Quickstads had Thelma for two years and that Mrs. Anderson has had the custody since. It also appears that Thelma has thrived since she came to Mrs. Anderson and has there had a happy, comfortable and good home.

When, on November 29, 1929, a hearing was had upon plaintiff's renewed application for the custody of her child, the court not only considered certain affidavits then presented by the parties but heard the testimony of many witnesses, and on December 30, 1929, made the order from which this appeal is taken by plaintiff. The order reads:

"It is ordered that the judgment herein be and hereby is modified with reference to the custody of the said minor child as follows: Custody of the minor child, Thelma Rice, be and hereby is awarded to Mrs. Andrew Anderson until June 10, 1930, and on that date said child shall be delivered to its mother, Mabel Rice, who is awarded the custody of said child until August 20, 1930, at which time said child is to be returned to Mrs. Andrew Anderson.

"It is further ordered that defendant for said three months' period pay to plaintiff the sum of $25.00 a month * * *. Either party on or after August 20, 1930, may apply to this court for a change in this order, relative to the custody of said child, for the coming year."

It will be seen from the quoted part that not much is to be gained by the appeal. Before the decision can be filed plaintiff will have the custody of Thelma. And it further appears that the court upon the testimony so far received is not prepared to act upon the

question of a more permanent custody of the child. The question is left open for further hearing on or after August 20, 1930. Ordinarily such an order for the temporary custody should not be considered appealable as a final order upon a summary application in an action after judgment. G. S. 1923 (2 Mason, 1927) § 9498(7). But the situation is somewhat unusual, and it is about time that some final determination be made concerning such permanent custody and care of Thelma as is ordinarily made in divorce decrees where the parties have a minor child. Where the child is very young not much harm may result to the child from shifting it at short intervals from one home to another. The court may have had good reason for so far having left the custody of Thelma undetermined except for short intervals. But the girl is now at an age when she begins to appreciate her situation, that she has no permanent home, and that her custody is a recurring dispute between her parents. To frequently change custodians and homes is distracting to a child and interferes with proper moral training and schooling. We consider the parties hereto, as well as Thelma, now entitled to have her custody speedily settled in that permanent manner in which usually the custody of a minor child is adjudged when its parents are divorced. Of course that does not mean irrevocably fixed. Changed conditions may be such that the welfare of the child demands a change of custody, State ex rel. Pappenfus v. Kourtz, 173 Minn. 177, 216 N. W. 937. The record discloses that the trial court has taken a deep interest in Thelma; that he considers that she has had the best of care in the Anderson home. The record seems clear that that home offers more in the way of attention and care conducive to the girl's health and comfort than the mother in her situation with proper maintenance from the father could give. But that is not determinative. The parents have the greater claim to her custody. The father has no proper home for Thelma. He does not live with Mrs. Anderson. And as between the father and the mother the mother should be preferred when it comes to the care and custody of a young girl. As between the mother and others the care and custody of a child should be awarded the mother even though the home, the comforts, the

financial and educational advantages be humble, meager, and poor as compared to those to be had if placed in the hands of a relative or stranger. The mother's care and love are of inestimable value to the child. We have no doubt that the learned trial court sees the desirability of awarding to plaintiff the future custody of Thelma.

During the hearing the court quoted from Larson v. Larson, 176 Minn. 490, 223 N. W. 789, where divided custody of a six-year old child was termed undesirable and where the thought is stressed that the mother, if fit and able, should have the custody of a child of Thelma's age. The decisions therein cited are to the same effect. See also Newman v. Newman, 179 Minn. 184, 228 N. W. 759. But the inference from the record is that before making a final decision as to the custody of Thelma, the court desired to await the result of plaintiff's efforts to establish for herself and child a home in a locality new to her. And so the order leaves it open, if either party should desire to be further heard on the question of custody, after plaintiff has had the opportunity for three months to see whether she is able properly to care for the child, having in the meantime suitable assistance from defendant.

Our conclusion is that the court has so far acted for the best interest of the child in making the order appealed from and that it should be affirmed except in this, that on August 20 next, or so soon thereafter as to the trial court is convenient, upon the evidence already taken or upon such further testimony as the court desires to hear, the court determine the future permanent custody of Thelma, and if such custody be awarded to plaintiff, then that defendant be required to make suitable and proper contributions for the maintenance of such child.

Plaintiff on the hearing of the appeal made application for attorney's fees and suit money. Under Eberhart v. Eberhart, 149 Minn. 192, 183 N. W. 140; and Spratt v. Spratt, 151 Minn. 458, 185 N. W. 509, 187 N. W. 227, allowances on that account may be made the wife even though the losing party. More than one-third of the paper book is made up of orders to show cause and affidavits prior to the hearing of the application wherein the order appealed from

was made. No one should be asked to pay for the expenses connected with needless printing. Under all the circumstances of this litigation plaintiff should have an allowance for attorney's fees and expenses on this appeal in the sum of $150, and judgment for that sum may be entered against defendant in this court.

The order is affirmed except as above indicated.