# EMANUEL MENK CODDON v. SARAH SALLY CODDON.[1]

December 6, 1940.

No. 32,461.

[1]Reported in 295 N. W. 74.

*McMeekin & Quinn,* for appellant.
*Samuel Lipschultz,* for respondent.

PER CURIAM.

The record shows a judgment and decree entered May 8, 1939, divorcing plaintiff absolutely from defendant and awarding him the custody of the two children of the marriage, Paul aged 16 and Stephen aged 10 years, and awarding defendant $1,440 alimony, payable in 24 monthly installments of $60 each. Defendant had not contested the suit. However, she signed a stipulation that plaintiff be awarded the custody of the children and that she have the alimony named in the decree. In signing the stipulation she did not seek nor have the advice of an attorney. On September 29, 1939, she retained her present attorneys and moved to modify the judgment and decree as to the custody of the children and the alimony and that she be awarded her rights in plaintiff's homestead. After a protracted hearing the court filed an order December 11, 1939, refusing to modify the decree as to the custody of the children, but modifying the decree in respect to the alimony to read as follows:

"That the plaintiff shall pay to the defendant the sum of $2,160.00, in thirty-six monthly installments of $60.00 each; that the plaintiff shall pay to the defendant for fees for her attorneys, Messrs. McMeekin & Quinn, the sum of $150.00, said sum to be paid within thirty days after the service of a copy of the amended decree upon the plaintiff; that in addition to said sums heretofore enumerated, the plaintiff shall pay to the defendant the sum of $100.00 within thirty days after the service of a copy of the amended decree upon him."

From this order defendant appeals.

Defendant did not ask that the decree of divorce be opened or vacated and that she be allowed to answer plaintiff's complaint. Her application to modify the decree rendered went only as to the custody of the children and the alimony. Plaintiff is a travelling salesman, 43 years of age. Defendant is one year younger. The court examined each boy separately, and in the presence of only the attorneys of the parties, so as to gain thorough information concerning the feeling and attitude of each child to each parent. And there can be no doubt in the mind of anyone reading this record of the correctness of the order refusing to modify the decree as to the custody of the children. That the examination of plaintiff by defendant's attorney was most searching and thorough as to his property, finances, and earning ability is apparent from the record. And we are convinced that the evidence abundantly sustains the modification of the alimony as made. There certainly was no abuse of judicial discretion in not awarding defendant more than was done by the order. We regard the appeal to be wholly devoid of merit.

We feel that no service to jurisprudence would result from a discussion of the evidence in this record. And certainly it would be of no credit to the parties to the suit.

There has been an order made in respect to the payment by plaintiff of $200 for the transcript. In view of our opinion that the appeal is without merit, no attorney's fee will be allowed to defendant herein.

The order is affirmed.