## SEWELL V. LEHMAN v. KATHERINE LEHMAN.[1]

March 3, 1944.

No. 33,621.

*George G. Chapin,* for appellant.
*Harold E. Ruttenberg,* for respondent.

MAGNEY, JUSTICE.

This is a divorce action, in which plaintiff prevailed. Defendant appeals from the judgment. The parties were married in 1925. Plaintiff now resides in St. Paul, Minnesota, and defendant is employed by a hospital in Napa, California. They have one son, 13 years of age, who is with the mother.

In November 1938, plaintiff brought an action for divorce in North Dakota. Defendant in a cross-bill asked for separate maintenance. Voluntary payments of $125 a month as temporary alimony were made by plaintiff until December 1939, when the court fixed the amount of his payments at $70 a month. In November 1941, defendant here brought suit for separate maintenance in the district court of Ramsey county, this state. Plaintiff in a cross-complaint asked for divorce. Defendant in reply pleaded the pendency of the North Dakota action as a bar to plaintiff's demand for divorce and asked for dismissal of the cross-complaint. In that

[1]Reported in 13 N. W. (2d) 604.

action, plaintiff paid temporary alimony and the expense of defendant's transportation to St. Paul. The cause came on for trial before Judge Hanft. The court dismissed all proceedings on the ground that the North Dakota action was still pending. Plaintiff then moved the North Dakota court for dismissal. Defendant objected. A stipulation covering unpaid temporary alimony was entered into and the North Dakota litigation disposed of by dismissal without prejudice. On April 12, 1943, the present action was commenced in Ramsey county. Plaintiff sought divorce on the ground of cruel and inhuman treatment. Defendant pleaded a general denial. On April 26, 1943, defendant obtained judgment by default against the plaintiff for $1,555, representing the balance of the unpaid temporary alimony allowed by the court in North Dakota. Plaintiff failed to pay this judgment. Supplementary proceedings were brought against him, which were heard by Judge Brill. Plaintiff thereupon paid $500 on the judgment and attempted to make arrangements to have the balance paid by note of a third party or by deferred payments. The reply in the present action was served on May 12, 1943. A note of issue was filed May 14. On May 22, Judge Brill heard defendant's motion for temporary alimony, suit money, attorney's fees, support money for the minor child, and transportation expenses, and ordered plaintiff to pay defendant $100 for transportation expenses, but deferred ruling on defendant's other requests. On the same day, plaintiff moved the court to have the case advanced on the calendar. Counsel for defendant did not object to this motion at the time of hearing. Judge Brill granted the motion and set the case for trial on June 7, 1943. In a memorandum attached to this order, the court said:

"Although I know nothing of the merits of this matter, I am familiar with the history of this and prior litigation and believe this action should be disposed of this term."

Defendant does not question the authority of the court to advance a case for trial, but contends that inadequate time was allowed between the date of the order and the date of trial. On June 3 defendant moved for a continuance. Judge Michael was in charge

of the court calendar in June 1943. He referred the matter to Judge Boerner, who was in chambers. No formal motion was made and no affidavits presented. It was based on a letter from defendant to her counsel. Plaintiff made no objection to the presentation of the motion in this informal manner. Her letter was dated May 28, 1943, and is in part as follows:

"As I told you before, I cannot leave the hospital in June. The Superintendent has already gone and is depending upon me to be in charge until she returns. I gave my word that I would do this and cannot let them down. I don't suppose judges and lawyers can understand that hospital people have a moral obligation to the sick and injured. * * * One problem and one complaint continually follow each other all day long. It is my job to keep things going as smoothly as I can during June and I would surely be considered a light-headed fly-by-night if I walked away and left it. * * *

"Besides above, we have a training school for X-ray students who wish to become technicians. I have a part in teaching them their terminology and cross-indexing. We are not graduating our class until July 2; I am the only one who is qualified to teach them this phase of their work.

"In addition, I have two new recruits in my own department, that of Medical Records, whose daily work depends upon my dictation at least for the next few months.

* * * * *

"I therefore feel that if they cannot postpone the trial until the autumn, Mr. Lehman will have to get his divorce, even though I feel he is not entitled to it. I notice that the papers said 'if not heard on June 7,' so they must be planning on my probably not being able to make it.

* · * * * *

"Since he has waited 5 years since deserting us to have his trial, a few months more shouldn't make any difference. I also believe I owe something to the people who have supplied myself and son with living for the past 2 1-2 yr.

* * * * *

"If they let him have his divorce in June, without me being there, I hope you will get some alimony for both myself and son."

Judge Boerner denied the motion. On June 9, 1943, the action came on for trial before Judge Michael. Defendant renewed her motion for continuance, and it was again denied. The court made findings for plaintiff. He was ordered to pay $50 a month for the support of the minor son of the parties, to be increased to $75 a month if the son later attended college, a sum not exceeding $300 to care for the boy's teeth, and $100 as fees to defendant's attorney.

Defendant concedes that the record as it now stands supports the findings of cruel and inhuman treatment. She assigns as errors the order of Judge Brill, dated May 25, 1943, advancing the case and setting it for trial on June 7, 1943; the order of Judge Boerner, dated June 3, 1943, denying the motion for continuance; and the orders of Judge Michael compelling defendant's counsel to proceed with the trial, and, at the close of the testimony, denying the motion of defendant's counsel to continue the case for a reasonable time to procure the deposition of defendant and her two witnesses. As to the two witnesses, it may be stated here that plaintiff in an affidavit dated May 22, 1943, admitted that these witnesses, if called, would testify as set out in defendant's affidavit.

For some five years these parties have been litigating. The first action was brought in North Dakota in 1938. The instant case was tried in June 1943. Five judges of the district court of Ramsey county have heard one phase or another of this litigation. Judge Parks also had made an order directing plaintiff to make certain payments during the pendency of this action. Judge Brill, in his memorandum attached to his order advancing the case for trial, expressed the opinion that he was "familiar with the history of this and prior litigation" and believed that "this action should be disposed of this term." It is fair to assume that the other judges were equally familiar with it. There can be no serious objection to Judge Brill's order of May 25 advancing the case for trial on June 7. By that order, the court also ordered plaintiff to pay de-

fendant $100 for transportation expenses. Defendant admits that the court has the power to advance a case for trial. In advancing the instant case, there was no abuse of discretion.

Defendant challenges the order of Judge Boerner denying her motion for continuance. The informal motion was based on her letter to her counsel, parts of which are quoted herein. No objection was made by plaintiff's attorney to the manner of presentation of this motion. In her letter defendant stated that, for business reasons, she would be unable to come to Ramsey county in June 1943. There is nothing in the letter to indicate that she made any effort to arrange to come. She stated, in substance, that her employer, the hospital, would be very much inconvenienced by her leaving at that time. She asked that the case be continued until the following autumn. The inconveniences could very well be as serious at that time. She was not ill, and money for transportation had been provided. She stated: "Since he [plaintiff] has waited 5 years since deserting us to have his trial, a few months more shouldn't make any difference." The trial before Judge Hanft in 1941 would have disposed of this matter then if defendant had not set up as a bar the action pending in North Dakota. In view of all the circumstances and defendant's statements in her letter of May 28, 1943, there was no abuse of discretion on the part of Judge Boerner in refusing to continue the case. What has been said about Judge Boerner's order applies equally to the rulings of Judge Michael.

This litigation should end. There is nothing in the record indicating a possibility of reconciliation. The home is permanently wrecked. The court allowed defendant $50 a month for support of the son, to be increased to $75 a month if and when he attends college. She was also allowed a sum not exceeding $300 for dental work for the son. The trial court protected her interests.

The rule is that the granting of a continuance or postponement of a cause is a matter lying in the discretion of the trial court, and its action will not be reversed on appeal except for a clear abuse

of discretion. 1 Dunnell, Dig. § 1710. There was no clear abuse of discretion in refusing continuance in the instant case.

Judgment affirmed.