HOWARD R. GERARD v. LILA I. GERARD.[1]

March 3, 1944.

No. 33,643.

[1]Reported in 13 N. W. (2d) 606.

544

*Ernest W. Erickson,* for appellant.
*Frank A. Barlow,* for respondent.

JULIUS J. OLSON, JUSTICE.

Suit for divorce, wherein plaintiff, the husband, prevailed. Defendant appeals from the judgment.

The cause was founded upon willful desertion dating back to 1932. Defendant denied desertion on her part and averred as a cross-bill that plaintiff had willfully deserted her and their minor child. Both claim that the desertion took place on August 6, 1932, since which time they admittedly have lived apart. Since then, defendant further alleged, her husband has done nothing toward providing for her support, and his contributions to the support of the child have been of small consequence. Her most serious charge against her husband is that he has become "infatuated" with other women and "has made it a regular practice to associate" with them. She asks for a decree of separation from bed and board, for support money for herself and child, and for other relief.

The case was heard February 23, 1943, and on March 17 the findings and order for judgment were made and filed. In substance these are:

That the parties were married at Minneapolis on October 13, 1917; that the issue of the marriage is a son, 16 years of age at the time of trial and now past 17 years; that on August 6, 1932, "defendant willfully and without plaintiff's consent left the home of plaintiff and defendant, taking therefrom all the household

goods and furniture * * * together with her personal belongings, and deserted plaintiff, and has ever since and now is living separate and apart from plaintiff and continued such desertion"; that defendant is "a proper and suitable parent to have. the custody and care" of their child; that plaintiff is now earning $51.20 per week less war and social security taxes. The order directed that an absolute divorce be entered; that the care and custody of the child be given the wife; and as support money. for the child that plaintiff pay to the mother $30 per month "until further order of court." Plaintiff was given permission to visit his son and the son his father at "reasonable times hereafter." Fifty dollars was awarded defendant for the attorney's services, and, lastly, "defendant is not entitled to recover on her cross-complaint herein."

After entry of judgment, defendant sought a new trial and other relief. She assigned various reasons as the basis for a new trial, among them that the evidence does not justify the findings; that the court erred in not allowing her any alimony; that the support money for the child should be increased; and that plaintiff should be compelled to pay $200 attorney's fees and $25 costs in the suit. In addition she asked, in the event the foregoing relief was not given her, that the court compel plaintiff to pay $300 "for the purpose of providing her with funds to pay necessary costs, disbursements, attorney's fees, and other expenses incident to appealing from the judgment" to this court. She also asked that she be relieved of the duty of filing an appeal bond.

The motions were founded upon the minutes of the court, the files and records in the case, and upon two affidavits, one by defendant, the other by her attorney. Her affidavit in support of her claim that the amount allowed for the support of the child was inadequate averred "that said son now weighs 285 pounds and that the expense to feed said son is in excess of one dollar per day." She also asserts that her earnings do not exceed $10 per week and that her own livelihood and the expenses of caring for the son cannot be met out of her earnings alone. In his affidavit her attorney averred that the cost of the transcript for the purpose of appeal

would be about $40, the cost of printing the record and briefs approximately $80, and the appeal fee $15. He estimated that $150 is a reasonable sum to be allowed as her attorney's fees in this court. The court heard the motions on April 12, 1943, and by order denied each of them. From that order there is no appeal. The printing of the record has been waived, so defendant has been saved that item of expense.

■ Defendant challenges the sufficiency of the evidence to support the findings, largely because, in her opinion, there is lack of the corroboration required by statute. Minn. St. 1941, § 518.28 (Mason St. 1927, § 9905). With respect to that claim, our cases hold that the statutory rule "does not require categorical corroboration. The rule is satisfied if the tending proof satisfies the court that plaintiff's testimony on the whole is true"; that the requirement of the statute simply means "something which leads the impartial and reasonable mind to believe the material testimony of the plaintiff is true." Graml v. Graml, 184 Minn. 324, 325, 238 N. W. 683. In Locksted v. Locksted, 208 Minn. 551, 555, 295 N. W. 402, 405, we said, bearing upon this phase: "Since the purpose [of the statute] is to prevent collusion, greater liberality is justified where the divorce is fervently contested." That this issue was genuinely and "fervently contested" in this case is clear. Important, too, is the fact that these parties have not lived together for a period of more than 11 years. The family relationship is hopelessly broken. It is beyond repair. To grant only a limited divorce, assuming even that that were possible after the passage of L. 1933, c. 165 (cf. Barich v. Barich, 201 Minn. 34, 275 N. W. 421), would only prolong a situation that has become wholly impossible to correct. We find no difficulty in sustaining the court's finding in this regard. Cf. Lehman v. Lehman, 216 Minn. 538, 13 N. W. (2d) 604.

■ Our statute clearly authorizes the court to decree to a wife such alimony out of her husband's estate, earnings, and income as it "may deem just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and other

circumstances of the case." *Id.* § 518.22 (§ 8602). Webber v. Webber, 157 Minn. 422, 424, 196 N. W. 646, 647, defines and applies the statutory rule, and many cases are there cited to sustain and amplify its purpose. We there said that the "statute is a clear grant of discretionary power." Also, in that case, we held that (157 Minn. 425, 196 N. W. 647) "alimony is not a penalty, but is a substitute for marital support." In the instant case, however, since the trial court has found defendant to be at fault, and that she is capable of earning and is actually earning $10 per week, we cannot say that this, in view of the allowance made for the support of the husky 17-year-old son, earning at the time of trial $18 per week, is so inadequate as to require modification here. Plaintiff is employed in a war plant. His job is of uncertain duration. There is no suggestion that he has anything out of which to pay alimony except his daily wages. Defendant has taken and retained whatever property they had when she left him. In her answer and cross-bill she states that at the time of their separation "plaintiff was unable to earn enough to maintain a home for his family" and that ever since she "has been the sole support of the minor child of the parties to this action." She deserves commendation for her efforts in this regard, but that does not solve the problem of alimony allowance. To order plaintiff to pay beyond his capacity to earn is but to invite further trouble and discord between these unfortunate and mismated people.

By *Id.* § 51814 (§ 8593), it is provided that the court, "in its discretion, may require the husband to pay any sum necessary to enable the wife to carry on or defend" a divorce suit. Accordingly, we have held in several cases that this court may allow the wife suitable attorney's fees and necessary disbursements in connection with appeals in this class of cases. 2 Dunnell, Dig. & Supp. § 2804, and cases under note 59. And we have in several cases awarded to the wife attorney's fees and suit money even though she was the losing party. Eberhart v. Eberhart, 149 Minn. 192, 183 N. W. 140; Spratt v. Spratt, 151 Minn. 458, 185 N. W. 509, 187 N. W. 227; Rice v. Rice, 181 Minn. 176, 179, 231 N. W. 795, 797. So in this

case, the fact that defendant was the losing party in the trial court and is here, her husband having been found free from fault, does not necessarily destroy her right to have this court review her claims. *Cf.* Webber v. Webber, 157 Minn. 422, 425, 196 N. W. 646, 647. Her appeal cannot be said to be without merit. In that respect this case differs from such cases as Monson v. Monson, 195 Minn. 257, 262 N. W. 641, and Coddon v. Coddon, 209 Minn. 1, 295 N. W. 74. We have no set rule by which to measure every case, but are necessarily guided by the particular facts and circumstances of each one. *Cf.* Bickle v. Bickle, 196 Minn. 392, 265 N. W. 276. Other cases are cited in 2 Dunnell, Dig. & Supp. § 2804. We think that defendant is entitled to reimbursement to the extent of $100 for her expenses on this appeal, and, further, that she is entitled to $100 as attorney's fees for services rendered in her behalf in this court. We note that she has deposited $75 with the clerk of the trial court in lieu of an appeal bond. She is entitled to recover this money upon the going down of the remittitur.

It is accordingly adjudged and determined that the decree below be affirmed; that defendant recover from plaintiff as attorney's fees and disbursements in this court $200; and that upon the going down of the remittitur her deposit of $75 with the clerk of the trial court be returned to her.

Neither party will recover from the other any costs or disbursements other than as here determined.

So ordered.