## DONALD KAEHLER v. ESTHER KAEHLER.[1]

April 20, 1945.

Nos. 33,864, 33,940.

[1]Reported in 18 N. W. (2d) 312.

*Alfred M. Joyce* and *Burton R. Sawyer,* for appellant.

*Grannis & Grannis,* for respondent.

MATSON, JUSTICE.

Defendant, appealing from a judgment and an order denying her motion for a new trial, assigns as errors that the trial court should have sustained her demurrer to the complaint; that the evidence does not justify a finding of cruel and inhuman treatment against defendant; that she should have been awarded a divorce instead of the plaintiff; that the monthly allowance ordered for the support of the child is inadequate; and that it was an abuse of discretion to order the divided custody of a three-and-one-half-year-old child.

We decline to consider the assignment of error as to the failure to sustain the demurrer to the complaint. An assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection. Peterson v. City of Red Wing, 101 Minn. 62, 111 N. W. 840; Casey v. Mississippi & R. R. Boom Co. 108 Minn. 497, 122 N. W. 376; Lindbloom v. Lindbloom, 180 Minn. 33, 230 N. W. 117; Nelson v. Babcock, 188 Minn. 584, 248 N. W. 49; Greear v. Paust, 192 Minn. 287, 256 N. W. 190; 1 Dunnell, Dig. & Supp. § 366.

The trial court's finding that defendant had been guilty of cruel and inhuman treatment as the ground for awarding the di-

vorce to plaintiff is clearly sustained by the evidence. Findings of fact based on conflicting evidence will not be disturbed on appeal unless manifestly against the clear preponderance of evidence. Gerlich v. Gerlich, 163 Minn. 400, 204 N. W. 465; Berndt v. Berndt, 127 Minn. 238, 149 N. W. 287; Schultz v. Brennan, 195 Minn. 301, 262 N. W. 877; 1 Dunnell, Dig. & Supp. § 411.

■ In the light of the increased cost of living, the trial court's award to defendant of $20 per month for the support, care, and education of the child until the age of five years, and with an increase to $25 per month thereafter, seems somewhat inadequate; nevertheless, the trial court is in a better position than a court of review to determine what is reasonably necessary, according to local conditions and the circumstances of each case. The allowance, in the language of the trial court, "is based upon the assumption that the plaintiff father will financially contribute, voluntarily and lovingly, to the future welfare of his child." Who will question the wisdom of the court in permitting a normal father to do something essential for his child free of compulsion? If this confidence has been misplaced or if increased needs develop as a result of the child's illness or by some other change in circumstance, the trial court stands ready to give careful consideration to the application of either party for a change. There has been no abuse of discretion, and the award for support is sustained.

■ Defendant takes exception to the divided custody of the minor child, Sharon, of the age of three and one-half years, as provided in the following portion of the court's decision:

"That each of the parties hereto is a fit person to have the care, custody and control of said child, but that subject to the further order of this court, it is for the best interest of said child that subject to reasonable visitation on plaintiff's part, its exclusive care, custody and control be granted to said defendant herein, subject to the following reservations: Plaintiff is to have the temporary exclusive care, custody and control of said child every other Saturday from 4:00 P. M. to Sunday at 8:00 P. M.; plaintiff, subject to reasonable visitation on defendant's part, is also awarded

the temporary exclusive care, custody and control of said child for two months during the summer; months to be agreed upon by the parties hereto."

The primary consideration in determining custody is the welfare of the child, and to this welfare the selfish and unselfish desires of the parents must be subordinated, without regard to which parent is to blame in making a divorce necessary. State ex rel. Price v. Price, 211 Minn. 565, 568, 2 N. W. (2d) 39, 40, and cases therein cited.

■ We are of the opinion that the divided custody of a child of such tender years is not desirable. Regularity in the daily routine of providing the child with food, sleep, and general care, as well as stability in the human factors affecting the child's emotional life and development, is essential, and it is difficult to attain this regularity and stability where a young child is shunted back and forth between two homes. State ex rel. Larson v. Larson, 190 Minn. 489, 252 N. W. 329; Larson v. Larson, 176 Minn. 490, 223 N. W. 789; Spratt v. Spratt, 151 Minn. 458, 185 N. W. 509, 187 N. W. 227; Eberhart v. Eberhart, 149 Minn. 192, 183 N. W. 140.

■ In the instant case, we have special circumstances to justify divided custody at an earlier age, such as similarity in the respective home surroundings, in that both parents maintain farm homes, located only a comparatively short distance apart in the same general community. It is reasonable to assume that the child will see both parents frequently, provided there is a mutuality of common sense, restraint, and normal generosity. These favorable factors are to some extent offset by the apparently arbitrary and demanding attitude heretofore displayed by defendant, but it is to be hoped that the termination of litigation will bring her that serenity of mind necessary for the attainment of a generous spirit of compromise, to the end that her child may not be entirely deprived of the beneficial influence of a father's companionship. The welfare of the child comes first, and in this respect both parents are, and will be, on probation with the trial court to justify the confidence reposed in each of them.

Under the peculiar circumstances of this case, to insure that this child of tender years shall have only one home until she is at least six years old, we hold that the order as to custody be modified as follows:

The child's exclusive care, custody, and control is granted to the defendant herein, subject to the following reservation: Plaintiff shall have the right one day (inclusive of the evening) of each week, during such hours as the trial court may specify, to visit with said child in the defendant's home or, if he so desires, to take said child with him to his own home or elsewhere for such visitation; and said right of visitation shall include two Sundays of each month, but in any and all events said child shall be returned on each of such days to the defendant's home at night for sleep. Other and additional rights of visitation with the child in the defendant's home may be accorded to the plaintiff in the trial court's discretion. Subject to the aforesaid rights of visitation, the exclusive care and custody of said child shall be vested in one parent until the child reaches the age of six years, and such care and custody shall continue indefinitely thereafter unless and until otherwise ordered by the trial court.

■ Subject to deductions for amounts heretofore paid, defendant is allowed $250 for attorneys' fees plus the actual costs of this appeal. The award for costs is granted with reluctance, because of the excessive expense incurred in the printing of an unnecessarily voluminous record. No advantage is gained on appeal by burying essential and material testimony in a mass of inconsequential detail. See, Rule VIII(2), Supreme Court Rules of Practice (212 Minn. xli); In re Estate of Olson, 176 Minn. 360, 223 N. W. 677; Rice v. Rice, 181 Minn. 176, 231 N. W. 795.

Affirmed except as modified.