MINNIE PUSHOR v. ROSE T. DALE AND OTHERS.[1]

July 30, 1954.

No. 36,321.

---

[1]Reported in 66 N. W. (2d) 11.

See, Pushor v. Dale, 240 Minn. 179, 60 N. W. (2d) 128.

*E. Luther Melin,* for appellants.

*F. B. Sowle,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action in unlawful detainer in municipal court of the city of Minneapolis in which execution of the writ of restitution issued upon judgment for plaintiff effectively restored the latter to possession of the premises described as 2417 Colfax avenue south, Minneapolis, Hennepin county.

On appeal, defendants Mrs. Rose T. Dale and Edward A. Smith, guardian of her person and estate, seek reversal of the judgment on the grounds that (1) the court was without jurisdiction at the time of trial because defendant Mrs. Dale was mentally ill, incompetent, and had no *general guardian;* and (2) the court erred in failing to stay execution of the writ of restitution after defendants had served notice of appeal to the supreme court and deposited with the clerk of the municipal court of the city of Minneapolis cash in the sum of $250 in lieu of an appeal bond.

The complaint alleged plaintiff's right to possession of the premises by virtue of the cancellation of a contract for deed thereon in which plaintiff was the grantor and in which defendant Mrs. Dale was assignee of the grantee. Service of process on Mrs. Dale was made by posting and publication pursuant to M. S. A. 566.06 upon affidavit by the municipal court officer in charge of service that she could not be found within the county.

On November 10, 1953, Wallace H. Berglund appeared specially in the proceeding stating that he was "the attorney for Edward A. Smith" and moved "that the said Edward A. Smith as guardian of the estate and person of the said Rose T. Dale be named as one of the defendants in the above named action." On the same date his motion was granted, the court's order therein noting that the letters of special guardianship of the estate and person of Rose T. Dale issued to Edward A. Smith on November 9, 1953, by the probate court of Hennepin county conferred upon him "all the powers of a General Guardian."

The return date was subsequently reset to December 8, 1953. At that time Mr. Berglund again appeared specially on behalf of defendant "Edward A. Smith, as guardian of the estate and person of Rose T. Dale," and asked that the case be continued until January 4, 1953, "in order that a general guardian of the estate of Rose T. Dale, incompetent ward * * * be appointed in the Probate Court of the County of Hennepin * * *." At the same time E. Luther Melin appeared specially as attorney for Mrs. Dale and joined in the motion for continuance, stating that she had been declared incompetent and that there was no one to act for her until a general guardian had been appointed. An affidavit of her physician, Dr. Julius Johnson, was submitted in which he affirmed that Mrs. Dale was "suffering from delusions" and was "not in a condition to give evidence in court."

The trial court noting the appearance of Mr. Berglund and Mr. Melin asked if either wished to appear at that time and, noting their declination to do so, proceeded to trial. Evidence was submitted in support of the complaint, and the trial court subsequently

made findings and ordered judgment of restitution in favor of plaintiff. Judgment was entered December 11, 1953, and on that date Mr. Berglund, as attorney for Edward A. Smith, special guardian of Rose T. Dale, and E. Luther Melin, as attorney for Rose T. Dale, served and filed notice of appeal therefrom to this court. Attached to the notice of appeal, a statement of the trial court set forth that:

"Cash bond of $250.00 is herewith approved conditionally in order to protect defendants' claimed necessity of furnishing bond within 24 hours of Notice of Filing Order herein (under 566.11, M. S. A.[2]) and subject to further order of the Court in the event plaintiff moves for additional bond under Sec. 566.12, M. S. A."[3]

On December 21, 1953, in response to a motion by plaintiff, the trial court ordered that defendants Mrs. Dale and Edward A. Smith, guardian of her estate and person, execute and deposit with the clerk not later than January 4, 1954, a supersedeas bond in the amount of $1,250, conditioned that if the judgment be affirmed defendants pay plaintiff the value of the use and occupation of the premises from the date of the appeal until delivery of possession thereof to her. This supersedeas bond was never furnished.

On January 6, 1954, a writ of restitution issued pursuant to the judgment was executed by a municipal court officer, his return certifying that defendants Edward A. Smith and Edward A. Smith as guardian of the estate and person of Rose T. Dale were removed from the premises on that date. Plaintiff has since been in pos-

[2]M. S. A. 566.11, which relates to an appeal to the district court from judgment for restitution rendered in a justice court, provides that a writ of restitution shall not issue for 24 hours after judgment if the party against whom judgment for restitution is rendered shall state to the justice that he intends to take an appeal.

[3]Section 566.12 provides that, if either party feels aggrieved by the judgment in justice court, he may appeal to the district court within 10 days, as in other cases tried before a justice of the peace, except that if the party appealing remains in possession of the premises his bond shall be conditioned to pay all costs of such appeal and abide the order made therein, and pay all rents and other damages accruing during the pendency of the appeal; and that upon the taking of such an appeal all further proceedings in the case shall be stayed.

session thereof. On January 19, 1954, in response to a motion by defendants, the trial court made its order as follows:

"* * * it appearing to the Court that the writ of execution * * * has been executed and that the plaintiff is now in possession of the disputed premises * * *.

"It is * * * ordered, that the order of December 21, 1953, be amended by deleting therefrom the order providing for a supersedeas bond." and "* * *. that the clerk * * * upon the filing of this order transmit Notice of Appeal [filed December 11, 1953] to the Clerk of Supreme Court * * *."

■ It is clear that the trial court had jurisdiction to hear the proceedings on the return date, December 8, 1953. Service upon the various defendants was not challenged. Subsequent to such service and prior to the return date Edward A. Smith, special guardian of Rose T. Dale, appeared specially by his counsel and moved that, as such special guardian, he be named a party defendant, and that the action be continued for a week. This motion was granted. At the postponed return date he again appeared specially and joined with counsel for Rose T. Dale in a motion for another continuance until the appointment of a "general guardian." No statement was made then or at any time thereafter as to any defense the general guardian might intend to interpose. The court's refusal to grant this motion is challenged as error.

The order of the probate court appointing Smith as special guardian conferred upon him "all the powers of a General Guardian," as provided by § 525.591. The powers thus conferred would authorize him, in his capacity as special guardian, to appear and defend actions on behalf of his ward. Schultz v. Oldenburg, 202 Minn. 237, 277 N. W. 918. Subsequently he was also named general guardian, and there is no showing as to what greater protection he could have afforded his ward in that capacity than he could have afforded her as special guardian with powers of a general guardian. Unlawful detainer proceedings are summary in their nature, designed to restore to an owner prompt possession of his property, and a judgment therein does not constitute a bar in subsequent actions as to ques-

tions of title or other equitable defenses. Henschke v. Young, 226 Minn. 339, 32 N. W. (2d) 854; Keller v. Henvit, 219 Minn. 580, 18 N. W. (2d) 544; William Weisman Holding Co. v. Miller, 152 Minn. 330, 188 N. W. 732.

When the foregoing principles and statutory provisions are applied to the facts here presented, we have no difficulty in holding that the trial court, having jurisdiction, did not abuse its discretion in refusing to further continue the case on the showing made. Lehman v. Lehman, 216 Minn. 538, 13 N. W. (2d) 604; 4 Dunnell, Dig. (3 ed.) § 1710.

■ We do not find error in the procedure with reference to the appeal from the judgment. Appeals from judgments in unlawful detainer proceedings in the municipal court of the city of Minneapolis are governed by the rules of procedure relating to appeals from judgments in the district court. Dahlberg v. Young, 231 Minn. 60, 42 N. W. (2d) 570; see, Brackett v. Rich, 23 Minn. 485, 23 Am. R. 703.

M. S. A. c. 488, Appendix 1, § 2, confers upon such municipal court the same authority as is vested in the district court unless statutory provisions have been made to the contrary. No such conflicting provisions appear as far as these proceedings are concerned. Section 14 thereof authorizes the removal of causes from the municipal court of Minneapolis to the supreme court in the same manner as from the district court. Under the above authority it has been held that an appeal from a final judgment in unlawful detainer proceedings entered in the municipal court of Minneapolis may be taken directly to this court. Boston Block Co. v. Buffington, 39 Minn. 385, 40 N. W. 361; Gray v. Hurley, 28 Minn. 388, 10 N. W. 417.

■ Section 605.15 sets forth the requirements for bond upon an appeal to this court from a judgment directing delivery of the possession of real property such as here involved. It provides that the execution of such judgment shall not be stayed unless a bond be executed by the appellant conditioned that if the judgment is affirmed he will pay the value of the use and occupation of the property from the date of the appeal until delivery of possession pursuant

to the judgment. The only bond furnished here was an ordinary cost bond in the sum of $250 filed under § 566.11, which governs appeals to the district court in unlawful detainer actions where justice courts have jurisdiction. Obviously, it has no application here. It follows that defendants' failure to file the supersedeas bond required prevented any further stay in the proceedings and authorized the immediate execution of the writ of restitution issued pursuant to the judgment.

The judgment appealed from is affirmed.

Affirmed.

