HENRIETTA A. CLARK v. ALBERT E. CLARK.[1]

May 16, 1902.

Nos. 13,032—(155).

**Divorce—Corroboration.**

G. S. 1894, § 5769, providing that no divorce shall be granted on the sole confessions, admissions, or testimony of the parties, either in or out of court, was intended by the legislature to apply to divorce actions the general rule in respect to corroborating evidence.

**Same—G. S. 1894, § 5769.**

The statute does not require, in such actions, that the complaining party be corroborated as to each item of testimony given in support of the complaint. It is sufficient if the corroborating evidence tends in some degree to support and confirm the allegations relied upon for divorce.

Appeal by plaintiff from a judgment of the district court for Redwood county, entered pursuant to the findings and order of Webber, J. Reversed, and new trial granted.

*Bowers & Howard,* for appellant.

*A. C. Dolliff,* for respondent.

BROWN, J.

Action for divorce on the ground of cruel and inhuman treatment. Defendant had judgment in the court below, and plaintiff appealed.

The cruel and inhuman treatment mainly relied upon by the plaintiff at the trial consisted in alleged false and malicious accusations by defendant to the effect that she had been guilty of adultery with different persons, whose names were given. She testified that defendant had, during a period covering many years, frequently charged and accused her of adulterous intercourse with various men, and that such charges were false and untrue, and without any foundation whatever.

Defendant denied having made any of the charges, save one, which he admitted; and, as to this, plaintiff was expressly cor-

[1] Reported in 90 N. W. 390.

roborated by the person to whom the charge was made by defendant. Another witness, called on behalf of plaintiff, testified that defendant said to him a short time prior to the commencement of the action that plaintiff was a traitor to him (defendant), and that, if he should tell all he knew, it would make him (the witness) open his eyes. This witness was the son-in-law of the parties. There was other evidence by plaintiff tending to show ill treatment at the hands of defendant, but, in the view we take of the case, such evidence is of no special importance.

The important question in the case is whether plaintiff was sufficiently corroborated in respect to the alleged charges of adultery. The court below found that the allegations of the complaint were false and untrue, and, as we gather from the record, the finding was based upon the absence of corroborating evidence. The findings are quite broad and sweeping, and we are impressed with the view that too strict a construction was given to G. S. 1894, § 5769. The court was evidently of the opinion that this statute requires the complaining party in a divorce case to be expressly corroborated as to every item of evidence relied upon as a cause of action. In this we think the court was in error. The statute referred to provides that

"Divorces shall not be granted on the sole confessions, admissions, or testimony of the parties, either in or out of court."

The object and purpose of the statute was to require, in divorce cases, the evidence of the complaining party to be corroborated by independent testimony, and to forbid divorces unless some evidence be produced to that end.

It was not the intention of the legislature to create a rule on this subject different from that applicable to corroborating evidence generally, but the manifest purpose was to apply the general rule. Though the basis of society throughout the civilized world is the marriage relation, and a faithful adherence to that relation when once entered into is essential to its protection, and though a system of laws that would permit of its dissolution at the whim or mere willingness of the parties would be inimical to the public good, yet the law recognizes that the comfort and happiness of

individuals require its services in special cases, and divorces are provided for. The parties are made competent witnesses, and the general rules and principles of law applicable to the admissibility and the weight and credit to be given testimony apply in such cases, and their truthfulness and the weight to be given their testimony must be tested by those rules.

The nature of corroborating evidence varies with almost every case. What would be sufficient for that purpose in one case might not be sufficient in another. The general rule, so far as it may be abstractly stated, is found in the case of State v. Lawlor, 28 Minn. 216, 9 N. W. 698. It is there stated, in effect, that such evidence must tend in some degree to establish the fact sought to be proved, but need not be sufficiently weighty, standing alone, to constitute complete proof of the fact. The rule does not require that there shall be express corroboration of every item of evidence introduced to establish the fact contended for. It is sufficient if it tends, in a general way, in that direction. In Richardson v. Richardson, 50 Vt. 119, it was held that confessions of a defendant made out of court were competent and sufficient under a statute identical with our own. The court remarked in that case that confessions were not excluded by the statute, and were admissible as in other cases. In Cooper v. Cooper, 88 Cal. 45, 25 Pac. 1062, under a similar statute, it was held that where defendant is charged with many acts of cruelty, extending over a period of years, the testimony of the plaintiff as to a course of cruelty on the part of defendant, and evidence of his admissions to other persons, was sufficiently corroborated by other testimony of one of the acts alleged in the complaint. See also Westphal v. Westphal, 81 Minn. 242, 83 N. W. 988. Of course, admissions of a party in such cases must clearly appear not collusive, and whether they are or not is for the trial court to determine.

It is true in this case that defendant denied all the testimony of plaintiff, save as to the one instance already referred to, and she was distinctly corroborated as to that in addition to the admission. We understand from the record that the trial court rejected all her evidence not expressly confirmed by other witnesses, and held that, as but one charge of adultery had been corroborated, plain-

tiff could not recover. It was held in Wagner v. Wagner, 36 Minn. 239, 30 N. W. 766, that a charge of adultery against a wife, if malicious and without probable cause, may constitute cruel and inhuman treatment. The trial court recognized this as the law of the state, but held that one such charge was insufficient to authorize a divorce.

Whether one charge of this kind, falsely and maliciously made, is sufficient to justify a divorce in any case, would, in our opinion, depend very largely upon the condition in life and the moral surroundings of the parties. But the case at bar is not necessarily to be determined on the basis of one charge only. Plaintiff was expressly corroborated as to one item of her evidence, and we do not see why the testimony of witness Schlegel should not be taken in the same light. If true, it tends, in a measure, to support plaintiff's general allegations of cruelty. Plaintiff was entitled, under the rules of corroborating evidence, to have all her evidence weighed and considered by the court. It was not necessary that she be confirmed in each item of testimony given in support of the allegations of her complaint; nor could the court, without just cause, reject those portions not specially corroborated. The whole evidence—that of both parties—should have been considered as in other cases, and the question whether plaintiff's allegations were, in the main, true or false, determined therefrom. We are impressed by the record that the trial judge did not so consider it, and, for this reason, think a new trial should be granted. Defendant offered no excuse or explanation for his confessed false charge against his wife, and the record discloses no justification whatever. That it was malicious seems beyond doubt; and, if plaintiff's testimony is to be believed, defendant kept her constantly reminded of his belief in her infidelity for a period of over twenty years.

Judgment reversed, and new trial granted.