## SOPHIA BURTON v. DAVID BURTON.[1]

July 18, 1924.

No. 24,099.

**Admission by defendant in divorce action as to value of his property.**
1. In an action for divorce started in November, 1921, defendant admitted he was worth $160,000 and plaintiff relied thereon; the court properly, in the exercise of its discretion, refused to permit the withdrawal of the admission on trial.

**Alimony.**
2. Alimony is a substitute for marital support.

**Award of permanent alimony approved.**
3. An award of permanent alimony of $24,000 to a wife whose husband's property is of the value of $125,000 approved.

**Attorneys' fees of $2,000 reasonable.**
4. In such an action, which was on trial four days, $2,000 is a reasonable amount to be allowed as attorneys' fees.

**Fees on appeal allowed.**
5. An allowance is made for attorneys' fees for services rendered in connection with the appeal.

**Finding unnecessary.**
6. Not necessary to make finding as to income of husband.

**Conveyance of land in lieu of alimony and fees to be considered by court.**
7. A conveyance of land in lieu of motion for temporary alimony and attorneys' fees was considered by the court and properly so.

Action for divorce and alimony, transferred to the district court for Traverse county. The case was tried before Flaherty, J., who made findings and ordered judgment for absolute divorce, $24,000 alimony and $2,000 attorneys' fees. Defendant's motion for amended findings was granted in part. From that part of the judgment

[1]Reported in 199 N. W. 908.

quoted in the third paragraph of the opinion, defendant appealed. Affirmed.

*Houston & McDonald* and *Murphy & Anderson*, for appellant.

*Thomas D. Schall* and *John M. Rees*, for respondent.

WILSON, C. J.

Action for divorce. Plaintiff prevailed. Defendant does not appeal from the judgment granting the divorce, but does appeal from that part of the judgment granting alimony, attorneys' fees and making the same a lien on defendant's real estate.

Plaintiff is 67 years of age. Defendant is a little over 70 years of age. They were married in 1910, both having grown children by former marriages. They lived in Wheaton, Minnesota, for 11 years and then this action was started. Plaintiff is entitled to a divorce on the ground of. cruel treatment. Defendant owns considerable property. In his verified answer, defendant stated that he was worth then, November 8, 1921, $160,000. The case was tried in May, 1923. On trial the court refused to permit defendant to withdraw this admission, but found as a matter of fact that defendant was then worth $125,000. Doubtless the value admitted materially shrank between the dates mentioned, but, on the other hand, there is an apparent disposition on the part of defendant to unduly minimize his wealth. In 1918 defendant gave to his children property exceeding the sum of $18,000. After this action was started he paid a defalcation in the bank of $4,200 which he was under no obligation to do; he paid to the bank $5,443.60 to discharge promissory notes of his tenants when he was in no way obligated to pay, and on the day this case was called for trial he permitted all his farm lands in Traverse county to be sold for taxes to the vice-president of the bank of which he was president. He now claims that his property is nonproductive and the amounts he is required to pay are unreasonable and excessive.

That part of the judgment from which this appeal is taken reads as follows.

"2. For permanent alimony in the sum of twenty-four thousand dollars ($24,000.00) to be the absolute property of the plaintiff;

"3. For the sum of two thousand dollars ($2,000.00) as attorneys' fees which the court hereby fixes and allows to be paid to plaintiff's attorneys herein, Thomas D. Schall and John M. Rees, in addition to any moneys which said Thomas D. Schall, one of her attorneys, may have received under the stipulation herein set forth as temporary attorneys' fees;

"4. That the judgment herein shall be and is hereby made a judgment lien on all the hereindescribed lands, in Traverse county, Minnesota, and shall be enforceable by execution or any other proper and legal process of the court upon default in the payment of any of the herein required payments and for the collection and enforcement of any and all such payments as may be in default;

"5. That the defendant on or before the first day of August, 1923, shall pay to the plaintiff an instalment of twelve hundred dollars ($1,200.00) on said judgment;

"6. That on or before the first day of September, 1923, defendant shall pay the two thousand dollars ($2,000.00) attorneys' fees herein adjudged and allowed;

"7. That the defendant shall pay the balance of the judgment herein in semi-annual instalments of twelve hundred dollars ($1,200.00) each, on the first Monday in February and August of each year, after the date hereof, until the whole thereof is paid in full with interest at six per cent per annum on all payments as herein provided after due and until paid;

"8. But upon default by defendant of any of the provisions and conditions herein made, execution may immediately issue herein upon application of plaintiff or assigns to satisfy any part of the judgment herein that may be in arrears or in default."

It was within the discretion of the trial court to refuse to permit defendant to amend his answer by withdrawing his admission of being worth $160,000. The court was right in doing this. The request should not have been granted. Plaintiff obviously had relied on the admission, and if defendant desired to be relieved of

such admission he should have made application therefor before trial. The defendant is in no position to complain of the findings of the trial court to the effect that defendant was worth $125,000.

The total amount of alimony allowed by the court is well within the statutory limitation. Section 7128, G. S. 1913. Within the restriction of one-third of the value of the husband's property the allowance of permanent alimony is largely discretionary. Dunnell, Minn. § 2802. The object of the financial relief in the form of alimony is a substitute for marital support. Webber v. Webber, 157 Minn. 422, 196 N. W. 646. Here the amount, including attorneys' fees, is $26,000. The husband is worth $125,000. Defendant claims plaintiff's expectancy is ten years, and that, therefore, $24,000 is an unreasonable and excessive amount. She may live longer. Her condition of health may cause unusual expense. By marriage defendant obligated himself to support the plaintiff, and, although the marriage relation has been sundered by divorce, the divorce does not end the duty of support. She is entitled to be supported in that station in society in which she should live as the wife of defendant, had this matrimonial venture been a success. Its failure is attributable to defendant—not to plaintiff. She lived with defendant 11 years. She was apparently patient in her sorrow. He has considerable property. The payments as required should not be burdensome to him. We see no reason for concluding that the trial court abused its discretion in making this award for alimony and the same has our approval.

Defendant complains because of an allowance of $2,000 as attorneys' fees. This amount is allowed in addition to such an amount as counsel may have received as fees from the proceeds of a quarter-section of land which defendant deeded over in place of a motion for temporary alimony and attorneys' fees. This land was sold for $4,000. Of this amount $2,850 has been advanced to plaintiff and $578 has been paid in expenses, leaving $772 unaccounted for. It does not appear what part of this, if any, has been received by plaintiff's counsel. We cannot say that they have received any portion of it. We are of the opinion that $2,000 is a liberal but fair and reasonable allowance as attorneys' fees. Only a portion

of the record is printed and yet the printed record contains over 500 pages. The trial consumed four days. A large amount was involved and defendant was represented by able counsel. We decline to disturb this allowance. There has been no abuse of descretion. Dunnell, Minn. Dig. § 2804.

Upon plaintiff's motion, an allowance of $250 is made for attorneys' fees in connection with this appeal and judgment will be entered in this court for such allowance; no other costs will be allowed.

Defendant contends that he is entitled to have a finding made as to the amount of his income. While the element of income is worthy of consideration, we find no error on the part of the trial court in not making such finding. He cannot escape final marital burdens by the claim that he has valuable property having only a small income. The value of the property owned is of greater importance.

Defendant urges that the trial court should have taken into consideration the fact that when the action was started a motion was made for temporary alimony and attorneys' fees, and that to avoid this motion a stipulation was made between the parties, by the terms of which this motion was abandoned and defendant conveyed 160 acres of land to one of her counsel for her. It fairly appears that the court did take this fact into consideration. In fact the stipulation is set forth at length in the decision. It was proper for the court to take this fact into consideration.

Order affirmed.