# ANNA GRAML v. BEN GRAML.[1]

October 23, 1931.

No. 28,538.

*Pfaender & Glotzbach* and *L. J. Lauerman,* for appellant.
*Frank Hopkins,* for respondent.

WILSON, C. J.

Defendant has appealed from a judgment awarding the plaintiff a divorce.

Appellant bases his appeal upon the claim that the evidence is insufficient to show wilful desertion on his part and bases the argument upon the doctrine of Taylor v. Taylor, 177 Minn. 428, 225 N. W. 287.

We are unable to agree with the contentions of the appellant.

We have been troubled with one question not presented or discussed in the briefs but which has developed in the course of our consideration of the case.

G. S. 1923 (2 Mason, 1927) § 9905, provides that "divorces shall not be granted on the sole confessions, admissions, or testimony of the parties, either in or out of court." In this case there was but one witness called other than the parties to the action, and he in no way supports the claim of desertion.

The main purpose of the rule is to prevent collusion. It had its origin in an effort to prevent parties from acting in concert to secure a dissolution of the marriage contract upon simulated and

[1]Reported in 238 N. W. 683.

false grounds. When it appears that the reason for the rule does not exist in a given case, the rule itself, both under the common law and the statute, is greatly relaxed. Lundy v. Lundy, 23 Ariz. 213, 202 P. 809. The necessary legal corroboration need not be by witnesses; there may be corroboration from the circumstances, corroboration from what may be termed the atmosphere of the case. Parmly v. Parmly, 90 N. J. Eq. 490, 106 A. 456; Hines v. Hines, 192 Iowa, 569, 185 N. W. 91; Carsten v. Carsten, 90 N. J. Eq. 181, 107 A. 45; Robinson v. Robinson, 83 N. J. Eq. 150, 90 A. 311; Crum v. Crum, 57 Cal. App. 539, 207 P. 506; 19 C. J. p. 133, § 348. This rule has been followed by this court. Clark v. Clark, 86 Minn. 249, 90 N. W. 390; Engleke v. Engleke, 152 Minn. 242, 188 N. W. 316.

The character and substance of corroborating evidence varies with almost every case. No definite rule as to the degree of corroboration required can be laid down; each case must be decided upon its own facts and circumstances. Donaldson v. Donaldson, 31 Idaho, 180, 170 P. 94; Lundy v. Lundy, 23 Ariz. 213, 202 P. 809. The corroborative evidence is sufficient if it tends in a general way in that direction. It need but tend in some degree to establish the fact sought to be proved. Clark v. Clark, 86 Minn. 249, 90 N. W. 390; Chapman v. Chapman, 181 Iowa, 801, 819, 165 N. W. 96, 101.

It is often said in the authorities that the rule does not require categorical corroboration. The rule is satisfied if the tending proof satisfies the court that plaintiff's testimony on the whole is true. Young v. Young (N. J. Ch.) 126 A. 467.

The statute requiring corroboration means something which leads the impartial and reasonable mind to believe the material testimony of the plaintiff is true. Chapman v. Chapman, 181 Iowa, 801, 819, 165 N. W. 96, 102.

All facts shown by the evidence, independent of the admissions, confessions, and testimony of the parties, which tend to show the conduct and attitude of the defendant toward plaintiff, may afford sufficient corroboration. Donaldson v. Donaldson, 31 Idaho, 180, 170 P. 94; Crum v. Crum, 57 Cal. App. 539, 207 P. 506. Letters between parties furnish important corroboration. Orens v. Orens,

88 N. J. Eq. 29, 102 A. 436. They may alone be sufficient. Rogers v. Rogers, 35 Idaho, 645, 208 P. 234.

The record shows that the parties were married May 24, 1926, and have since that time lived at or in the vicinity of Fairfax, Minnesota, where the defendant's parents live and where some of plaintiff's relatives reside. There is one child. In the instant case we have letters from plaintiff to defendant, exhibits 1, 3, 4, 5, and 6, in which plaintiff unsuccessfully but continually seeks to have defendant establish a home and resume the marriage relation. We also have defendant's exhibit 2, a letter signed by both parties and plaintiff's counsel, and addressed to defendant's counsel, wherein it is made to appear that plaintiff had been put on probation, so to speak, to demonstrate her ability to care for her own child, and if successful "they will live together," a prerequisite that defendant had no right to demand. But she submitted to the demand so that she could get her child, and the letter adds, "and of course her husband with it."

A former action for divorce was started, but there was a reconciliation. The child was kept in the home of defendant's parents to the exclusion of plaintiff, and when she did have access she was scarcely permitted to have the child in her arms. . Eventually she was entirely excluded, but she resorted to and obtained the custody of the child by writ of habeas corpus. Based upon the testimony of the plaintiff, there was a clear case of desertion. Her testimony is that she requested the defendant, through her attorney who represented her on the trial and here, that he establish a home for her. Counsel, as well as parties referred to, has resided at Fairfax for a great many years. It was he who drafted defendant's exhibit 2, above referred to, and caused the parties to sign it and send it to the defendant's attorneys. The trial judge resides in the same county. It is in a rural community. The previous divorce action and the proceedings relative to the writ of habeas corpus were in the same court. The prior divorce action was dismissed by written stipulation that defendant was to get a place for himself and wife to live, but he did not do this. She wanted to move away from Fairfax to be away from relatives whom defendant blamed for their troubles,

but the husband refused. He made no effort to get a home for plaintiff. He sued plaintiff's relatives for alienation of affections, and this action was presumably in the same court. She frequently asked for a place to live—almost every month—but he refused to provide it. For more than a year prior to the commencement of this action they lived separately, a fact that must have necessarily been well known by everybody. The court could not doubt this.

There is another rule that ordinarily may be trusted to negative collusion, and that is this: If defendant employ counsel and vigorously and earnestly contest the grounds of divorce, it is safe to conclude that there is no collusion. Lundy v. Lundy, 23 Ariz. 213, 202 P. 809; 2 Bishop, Marriage, Divorce & Separation, § 719.

This case, as indicated, was tried in a local court. Defendant's counsel lived at the county seat of an adjacent county. Counsel on both sides of the case were of such type that they would not be parties to any collusion contemplated by the statute. The earnestness with which eminent counsel acted in the case characterizes the sincerity of their purpose and leaves little opportunity for the trial court to look further for corroboration.

All these things and perhaps more are found from the record and the atmosphere of the case and were for the consideration of the trial court in the determination of the question of sufficient corroboration from circumstances. Such determination is primarily for the trial court; and, while he has not expressly ruled thereon, he has done so inferentially by finding for the plaintiff upon the merits of the issue. While defendant's counsel now attacks the sufficiency of the evidence as hereinbefore stated, they do not do so at all on the ground of lack of corroboration, but on quite a different theory. Of course the state is always interested in the marriage status, and the court could and would have interfered and rejected the plaintiff's prayer for relief had he felt that the statute was an obstacle thereto. All evidence directed at the integrity of the marital relation must be received with jealousy and weighed with caution. But on the other hand, convincing evidence may not be rejected capriciously in a divorce case any more than in any other

case. When the circumstances establish the corroboration, it is the duty of the court to act accordingly.

Prudence requires a judge always to seek corroboration. Such prudence and knowledge of human nature usually avoid mistakes. Credibility does not depend upon numbers of witnesses. Rules requiring a corroboration of one witness are exceptions to the general rule. Such a statute as ours has perhaps developed from some of the common law rules, but its purpose of course is to prevent one from securing freedom from the marriage tie where no legal recognized cause for its dissolution really exists. No orthodox rules can be established defining the nature of corroborative evidence, and much, in cases of this character, ought to be left to the vision of the trial court in the atmosphere of the case. Had the court intimated in the trial of the case that he had any doubt about the corroborative evidence, it seems quite obvious that testimony was necessarily available to meet any reasonable requirement for further corroboration. It just seems impossible that the facts disclosed by the record could not be true without many persons knowing of parts thereof; and if they were not true, we would expect that counsel for both parties and the court would not stand by in silence in the presence of rank perjury. Indeed it seems quite obvious that the question of corroboration as demanded by the statute was never thought of or considered as necessary in view of all surrounding circumstances, which were sufficient to corroborate plaintiff's testimony.

Affirmed.

STONE, J. (dissenting).

I agree that the decision law of the case is about as the Chief Justice puts it. But to me the statute seems to aim at something more than a mere rule of evidence and to demand as matter of substantive law that there shall be no divorce on the "sole confessions, admissions, or testimony of the parties, either in or out of court." Confessedly, we have nothing here but the testimony of plaintiff and some correspondence between her and defendant which constitute admissions by defendant. In other words, the situation

is within the plain coverage of the statute, and I therefore question our right to hold otherwise.

HOLT, J. (dissenting).

I concur in Mr. Justice Stone's dissent.