CHARLES POTTER v. LILA POTTER.[1]

May 23, 1947.

No. 34,369.

---

[1]Reported in 27 N. W. (2d) 784.

**30**

*Leo J. Seifert,* for appellant.
*Dougherty & Flynn* and *Putnam & Carlson,* for respondent.

JULIUS J. OLSON, JUSTICE.

This was a suit wherein plaintiff, the husband, sought a divorce from his wife on the ground of her alleged wilful desertion. She answered denying plaintiff's claim in that regard, and by cross bill prayed for a divorce on the ground of cruel and inhuman treatment. She also asked for alimony, attorneys' fees, and expenses. Plaintiff's reply put in issue all new matter alleged in the answer. Although the suit was begun in July 1944, it did not come on for trial until July 8, 1946. The court made its findings and order for judgment on July 25, 1946. Plaintiff's alternative motion for amended findings or a new trial was denied; and he appeals. We shall consider and recite only the issues presented on the motion for new trial, and these in the light of the facts most favorable to the findings.

The parties were married at Crown Point, Indiana, on November 25, 1925. At the time of trial, plaintiff's age was 55 years, that of defendant 45 years. Fortunately, there are no children involved as the result of this marriage, although plaintiff has a son and daughter by a previous marriage. The year of their marriage they came to Fairmont, Minnesota, where plaintiff engaged in operating Potter's Cafe, a combination hotel and restaurant. They lived there as husband and wife until May 11, 1930, when defendant left for Chicago, where she has since resided with her parents. Thus, they lived separate and apart for a period of about 16 years prior to the time of trial. In this suit each sought an absolute divorce from the other. The court found against plaintiff's claim of desertion and determined as a fact that it was "unproved and untrue." As to the cross bill alleging cruel and inhuman treatment on the part of plaintiff, it found for defendant. As to property ownership and value, it found:

"7. That plaintiff is the owner of real and personal property of the reasonable value of not less than $200,000.00; that he has a substantially large annual income.

"8. That most, if not all of said property, has been accumulated by plaintiff during said separation period; that plaintiff did not support defendant during said period of separation.

"9. That a reasonable amount to be paid defendant by plaintiff, in full of all alimony and property rights, is $30,000.00.

"10. That defendant owns no property and is not in rugged health."

Entry of judgment severing the marriage relationship theretofore existing between the parties was directed; also that defendant have judgment against plaintiff for $30,000 "in full of all alimony and property rights of defendant." In addition, she was awarded attorneys' fees of $1,500, with "all the costs and disbursements" of suit.

Plaintiff challenges the court's findings on three grounds, listing them as the "questions involved" on this appeal: (1) That defendant has failed to produce "testimony to corroborate her allegations of cruelty," as required by M. S. A. § 518.28, which provides that "Divorces shall not be granted on the sole confessions, admissions,

or testimony of the parties, either in or out of court." (2) That since her answer contains the allegation "that she left the home because of another woman, can she omit the name of the woman in her answer and let the husband guess who she means * * *"? (3) "Is it justice to grant respondent [defendant] $30,000.00 alimony when record shows she did not help to accumulate any of it * * *?"

■ "It is well to bear in mind that on appeal error is never presumed. It must be made to appear affirmatively before there can be reversal. Not only that, but the burden of showing error rests upon the one who relies upon it. And we do not reverse unless there is error causing harm to the appealing party. In other words, error without prejudice is not ground for reversal." (Citing cases.) Waters v. Fiebelkorn, 216 Minn. 489, 495, 13 N. W. (2d) 461, 464.

■ The first question presented on this appeal is whether statutory corroboration is lacking. We have had occasion in many cases to pass upon this statute and the rules to be applied to meet its requirements. In the recent case of Visneski v. Visneski, 219 Minn. 217, 17 N. W. (2d) 313, we reviewed and discussed several of our prior cases bearing upon this phase. We there quoted with approval from Graml v. Graml, 184 Minn. 324, 238 N. W. 683, as follows (219 Minn. 219, 17 N. W. [2d] 314) :

"The main purpose of the rule is to prevent collusion. It had its origin in an effort to prevent parties from acting in concert to secure a dissolution of the marriage contract upon simulated and false grounds. When it appears that the reason for the rule does not exist in a given case, the rule itself, both under the common law and the statute, is greatly relaxed."

As we have shown, the parties to this action have not been living together as husband and wife for more than 16 years. Their marriage has been a most unhappy one. They never had a real home in the true sense of the word. Instead, they occupied quarters in their cafe or hotel. A private home was to them an unknown place. To recite the many facts going to show this situation is not deemed

necessary nor helpful. Their matrimonial venture has been a complete failure. Both of them are seeking—in fact, demanding—a complete separation. Their married life has been so far destroyed as to make reconciliation impossible of attainment.

There is no collusion in this case. The issues are real, in fact, bitter, hostile, and, possibly, vindictive. Under the circumstances here appearing and appraising the evidence upon the basis stated, we believe the statutory requirement has been adequately met.

■ The pleadings were concluded in 1944. Two years passed before trial was had. Yet plaintiff made no move to have defendant's answer and cross bill made more specific and certain. As to the name of the other woman to whom defendant referred in her answer, plaintiff's own conduct demonstrates that he well knew to whom the pleading pointed. From his own testimony we learn that he was maintaining an unmarried woman in an expensive home valued at $15,000, with furniture and fixtures valued at $2,000, all furnished by him and all at her disposal. They have made many trips to faraway places from time to time. Their relationship in these matters has extended over a period of many years. Under the circumstances, plaintiff's objection on appeal to the sufficiency of defendant's pleading comes too late. This was a matter for the trial court.

■ With respect to the third point made by plaintiff, there is this to be said: While it is true that defendant has done nothing worth mentioning to assist in the accumulation of plaintiff's property, the fact remains that she was his lawful wife, and, had he died, defendant would have taken an amount greatly in excess of what the court has allowed her. The statute vests in the trial court very broad powers in matters of alimony and allowance to the wife in divorce suits. While the amount appears large, and, in fact, it is so, we cannot say that, as a matter of law, the court abused its judicial discretion.

The amount of alimony is well within the statutory limitation. M. S. A. § 518.22. In Burton v. Burton, 160 Minn. 224, 226, 199 N. W. 908, the husband was possessed of property found to be of the value of $125,000. The trial court awarded the wife $24,000 to be

her "absolute property." She was also given $2,000 as attorneys' fees. A lien was impressed upon certain lands belonging to the husband. His appeal here involved only (160 Minn. 225, 199 N. W. 908) "that part of the judgment granting alimony, attorneys' fees and making the same a lien on defendant's real estate." We sustained the lower court because (160 Minn. 227, 199 N. W. 909) "By marriage defendant obligated himself to support the plaintiff, and, although the marriage relation has been sundered by divorce, the divorce does not end the duty of support." Our conclusion was: "We see no reason for concluding that the trial court abused its discretion in making this award for alimony and the same has our approval." As to attorneys' fees, this court was "of the opinion that $2,000 is a liberal but fair and reasonable allowance as attorneys' fees." Plaintiff, Mrs. Burton, was 67 years of age, her husband a little over 70 years at the time of trial. Both had been previously married and had grown children by such former marriages.

In Webber v. Webber, 157 Minn. 422, 196 N. W. 646, the wife's claim for divorce was rejected by the trial court, but as to the wife's right to alimony, against the husband's strenuous objection to the granting of such relief, especially where the wife had brought the husband no property and had not by her industry and thrift aided him in the accumulation of what he possessed, we nevertheless held that under our statute and decisions she was entitled to alimony in the amount of $2,500 granted by the trial court. Speaking of decisions from other jurisdictions with which "to support this claim," we said (157 Minn. 425, 426, 196 N. W. 647):

"Such decisions, however, are not in harmony with our statute nor the decisions of this court. The reason of these decisions largely ignores the sacred element of domestic relations and tends too much like treating the matter as a simple breach of contract involving nothing but monetary rights."

■ We think that the findings are sustained by the evidence and that the conclusions of the trial court are sustained thereby.

■ Defendant is allowed $500 attorneys' fees in connection with

this appeal, plus taxable disbursements, and judgment will be so entered in this court.

Order affirmed.