## EWALD ARNOLD ARP v. RUTH MARY ARP.[1]

June 10, 1949.

No. 34,836.

*Thompson, Hessian, Fletcher & McKasy*, for appellant.
*Arthur LeSueur* and *Perry S. Johnson*, for respondent.

MAGNEY, JUSTICE.

Defendant appeals from an order denying her motion for a new trial.

Plaintiff and defendant were married in 1929. There was no issue of the marriage. In 1945 plaintiff contemplated bringing an action for divorce against defendant. A summons and complaint

[1]Reported in 38 N. W. (2d) 67.

were drawn up but not served. A reconciliation was attempted and failed.

In July 1947, plaintiff served his amended complaint on defendant, seeking a divorce on the ground of cruel and inhuman treatment. Defendant put in issue the allegations of cruelty and that plaintiff was guilty of adultery. She asked for a decree of separate maintenance. After a lengthy trial, the court made findings in plaintiff's favor for an absolute divorce and required plaintiff to pay to defendant $100 per month as and for permanent alimony until the further order of the court. Defendant appeals.

Three questions are raised: (1) Are the findings of cruelty on the part of the defendant sustained by the evidence? (2) Is adultery by plaintiff a bar to a divorce on the grounds of cruelty? (3) Are the support provisions adequate?

■ M. S. A. 518.28 reads:

"Divorces shall not be granted on the sole confessions, admissions, or testimony of the parties, either in or out of court."

Defendant contends that plaintiff's testimony was not sufficiently corroborated under the above statute. The testimony closed after a lengthy, hard-fought trial. Certainly there was no collusion in this case, and, as stated in Graml v. Graml, 184 Minn. 324, 238 N. W. 683, the main purpose of the rule is to prevent collusion. We have examined the testimony. No useful or good purpose would be served by detailing it here. Suffice it to say that in our opinion plaintiff's testimony was sufficiently corroborated under the rule laid down in Graml v. Graml, *supra,* and followed in Gerard v. Gerard, 216 Minn. 543, 13 N. W. (2d) 606; Visneski v. Visneski, 219 Minn. 217, 17 N. W. (2d) 313; Louden v. Louden, 221 Minn. 338, 22 N. W. (2d) 164; Potter v. Potter, 224 Minn. 29, 27 N. W. (2d) 784.

■ Defendant also contends that plaintiff's adultery is a bar to his action brought on the grounds of cruelty. Plaintiff and defendant led an unhappy married life, caused, as the record indicates, by defendant's attitude and actions. In 1945 plaintiff had papers drawn to institute an action for divorce. They were not served, and

an unsuccessful attempt on the part of plaintiff for reconciliation followed. In 1946 plaintiff became acquainted with a woman. Later they lived together as husband and wife, and a child was born to them in January 1948, before this action was tried. A few days after the divorce had been granted, plaintiff and this woman were married in a state which permitted marriage as soon after a divorce had been granted as in this case. Defendant's contention is that the adultery on the part of plaintiff is a good recriminatory defense to an action for divorce brought on the ground of cruel and inhuman treatment. Recriminatory defenses are recognized in this state, and, wisely or unwisely, we have not followed the doctrine of comparative rectitude. Hove v. Hove, 219 Minn. 590, 18 N. W. (2d) 580, 159 A. L. R. 731, and cases therein cited. However, this court in Buerfening v. Buerfening, 23 Minn. 563, held that in an action for divorce upon any other ground than that of adultery the adultery of the plaintiff was not a bar to the action. In that case, the action for divorce was brought on the grounds of habitual drunkenness and cruel and inhuman treatment. The answer, in addition to denials, alleged various acts of adultery committed by plaintiff. To the part of the answer alleging plaintiff's adultery, a demurrer was interposed and sustained. Mr. Chief Justice Gilfillan, writing for the court, said:

"We do not think the answer can be sustained as a complete bar to the action for divorce. The statute (Gen. St. c. 62, § 6) gives the action for divorce for adultery, cruel and inhuman treatment, habitual drunkenness, and three other causes. Section 9 provides: 'In any action brought for a divorce on the ground of adultery, although the fact of adultery is established, the court may deny a divorce in the following cases: *First,* when it appears that the offence was committed by the procurement or with the connivance of the complainant; *second,* when there has been an express forgiveness of the adultery charged, or a voluntary cohabitation of the parties, with knowledge of the offence; *third,* when the action has not been brought within three years after the discovery, by the

complainant, of the offence charged; *fourth,* when it is proved that the complainant has also been guilty of adultery, under such circumstances as would have entitled the defendant, if innocent, to a divorce.' These defences are limited by the statute to cases where the action is on the ground of adultery. By limiting them to that class of cases, the legislature may fairly be presumed to have intended that the specified acts alone shall not be defences in other cases. Ristine v. Ristine, 4 Rawle, 460."

The rule of the Buerfening case was inferentially approved in Hove v. Hove, 219 Minn. 590, 18 N. W. (2d) 580, 159 A. L. R. 731. The statute quoted in the Buerfening case is § 518.08, with a few minor unimportant changes in the wording. Thus, the statute interpreted in the Buerfening case is still in force, and the legislatures meeting since 1877 have not seen fit to make any change. We follow the rule of the Buerfening case.

■ At various times prior to trial of the divorce action, plaintiff had turned over to defendant property amounting in the aggregate to $55,000 to $60,000 in value. The court awarded defendant $100 a month as alimony. Defendant contends that the payments awarded are inadequate. The court found that defendant was the offending party in the divorce action, and granted plaintiff the divorce he asked for. From all the facts in the case, it is evident that the court did not abuse its discretion in fixing the amount of alimony.

■ Plaintiff made a motion to dismiss defendant's appeal to this court on the ground that the parties in open court in the district court stipulated that there would be no appeals. There is considerable dispute between counsel as to what actually took place before the trial court. The stipulation claimed by plaintiff was not so clearly established that we can say that an unmistakable intention of the parties to waive the right to appeal was indicated. Whether public policy would permit the enforcement of such a stipulation in a divorce action if such a stipulation were clearly established is not determined. The motion to dismiss the appeal is denied.

No costs or disbursements allowed to either party.

Order affirmed.

PETERSON, JUSTICE (dissenting).

While the Buerfening case sustains the result reached by the majority insofar as it holds that adultery is not a recriminatory defense in cases for divorce upon grounds other than adultery, it was decided wrongly and should be overruled. The basis of the decision is that the fourth subdivision of the statute there considered "limited" adultery as a recriminatory defense to cases where plaintiff sued for divorce on that ground. An examination of the statute shows that it does no such thing. It says nothing about so limiting such defense. Such a limitation was read into the subdivision by the court without reason or warrant therefor. The subdivision merely declares the law as it is in the absence of statute. The plain reason for inserting the subdivision in the statute was that, because other defenses to an action for divorce upon the ground of adultery had been enumerated in subdivisions one to three, inclusive, the one of plaintiff's adultery should also be mentioned out of caution, lest the enumeration of the others should be construed, contrary to the legislative intention, as impliedly excluding plaintiff's adultery as such a defense. Adherence to the Buerfening case injects unjustifiable and unexplainable contradiction and confusion into our law for which there is no possible justification. The rule of the Hove case is in accord with the overwhelming weight of authority. 17 Am. Jur., Divorce and Separation, § 233. It is not only the settled rule of this court, but it also is simple and workable. It should be followed until the legislature by statute provides otherwise.

Being of that view, I think the defense of recrimination should be allowed here as a matter of law.

FRANK T. GALLAGHER, JUSTICE (dissenting).

I concur in the dissent in part of Mr. Justice Peterson.